IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TIMOTHY PILMAIER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:13CV349 |
| | ) | |
| V. | ) | |
| | ) | |
| OMAHA PUBLIC POWER | ) | ORDER |
| DISTRICT, A Political Subdivision, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Omaha Public Power District ("OPPD") has filed a motion requesting that this case be consolidated with *Nellenbach v. OPPD*, Case No. 8:14-cv-40 (D. Neb. 2014). (Filing 27.) OPPD requests that the cases be consolidated for discovery and trial, with the exception that Counts VII and VIII of Plaintiff Timothy Nellenbach's ("Nellenbach") complaint be tried separately.

On November 25, 2013, Plaintiff Timothy Pilmaier ("Pilmaier") filed a lawsuit against OPPD relating to changes OPPD made to its employee retirement plan ("Pilmaier suit"). On February 6, 2014, Nellenbach filed a lawsuit ("Nellenbach suit") making similar claims regarding OPPD's employee retirement plan. In particular, each suit includes allegations that the changes OPPD made to its retirement plan violate the due process, takings and contracts clauses of the state and federal constitutions. Pilmaier and Nellenbach are represented by the same counsel and the cases are both assigned to Senior United States District Court Judge Joseph Bataillon for disposition.

Federal Rule of Civil Procedure 42(a) allows for consolidation of cases involving common issues of law or fact as a matter of convenience and economy in judicial administration. Fed. R. Civ. P. 42(a). "The district court is given broad discretion to decide whether consolidation would be desirable and the decision inevitably is contextual." *Cisler v. Paul A. Willsie Co.*, Case No. 8:09CV365, 2010 WL 3237222, *2 (D. Neb. Aug. 13, 2010) (quotation omitted). The consent of the parties is not required for consolidation. *Id*.

When ruling on a motion to consolidate, "[t]he court must weigh the saving of time and effort that would result from consolidation against any inconvenience, expense, or delay that it might cause." *Id*. (citation omitted). Consolidation is inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

Having reviewed the matter, the Court concludes that consolidating these cases for discovery is appropriate at this time. The cases clearly involve common issues of law and fact and, consequently, will include overlapping areas of discovery. Although the suits involve different plaintiffs, each plaintiff similarly maintains that the changes OPPD made to its retirement plan violate the state and federal constitutions. Moreover, the plaintiffs are represented by the same attorney. Due to these similarities, consolidation for purposes of discovery is proper, as it will conserve judicial resources, as well as the resources of the parties.

At this point, the Court will not address the question of whether the suits should be consolidated for trial. This issue is best left to be resolved following the completion of some discovery. Therefore, the motion to consolidate is denied without prejudice insofar as it relates to trial consolidation.[1]

Accordingly,

**IT IS ORDERED:**

1. OPPD's Renewed Motion to Consolidate Cases (filing 27) is granted, in part. The Pilmaier and Nellenbach suits are hereby consolidated for discovery. To

---

[1] The Court recognizes that Nellenbach's complaint contains two claims pertaining only to his employment with OPPD. In fact, OPPD concedes that these claims should be tried separately. The parties agree that discovery related to these two claims need not be consolidated. Accordingly, the parties shall confer and, in advance of the planning conference, discuss how discovery related to these two claims shall proceed. If a modified discovery schedule is necessary for these claims, the parties shall so advise the Court at the planning conference. Otherwise, discovery matters related to these items will correspond with discovery regarding all other issues.

   the extent that the Motion to Consolidate asks that the cases be consolidated for trial, it is denied without prejudice to reassertion at a later date.

2. A planning conference regarding the Pilmaier and Nellenbach suits will be held, via telephone, with the undersigned on January 23, 2015, at 9:30 a.m. Counsel for the plaintiffs shall initiate the call to the Court. Prior to the conference, counsel shall meet and confer in an effort to coordinate discovery deadlines and procedures, and discuss any other issues that need to be addressed at the conference.

3. The planning conference presently scheduled for December 29, 2014 in the Pilmaier suit is cancelled.

**DATED November 3, 2014.**

        **BY THE COURT:**

        **S/ F.A. Gossett**
        **United States Magistrate Judge**